| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | <u>FOR ONLINE PUBLICATION ONLY</u> |

ALICIA V. BROOKS,

                        Plaintiff,

    - against -

STARBUCKS CORPORATION and
DIJA FRASER,

                       Defendants.

<u>MEMORANDUM AND ORDER</u>
13-CV-2705 (JG)

A P P E A R A N C E S

        AKIN LAW GROUP LLC
        45 Broadway, Suite 2650
        New York, New York 10006
By:    Zafer A. Akin
        *Attorneys for Plaintiff*

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        1745 Broadway, 22nd Floor
        New York, New York 10019
By:    Theresa Donahue Egler
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        Alicia V. Brooks originally brought this action against Starbucks Corporation ("Starbucks") and Dija Fraser in New York Supreme Court, Kings County. Fraser and Starbucks subsequently removed the case to this Court on the basis of diversity of citizenship. 28 U.S.C. §1441(b). Brooks now moves to remand the action to state court. For the reasons set forth below, the motion is granted.

BACKGROUND

        On February 1, 2013, Brooks filed her complaint in Supreme Court, Kings County. Pl. Mot. to Remand, Decl. of Zafer Akin at 4, ECF No. 5 ("Akin Decl."). Brooks alleges that the

defendants discriminated against her based on her sex, sexual orientation, and perceived sexual orientation. Pl. Mot. to Remand, Pl. Verified Compl. at 42, Ex. B, ECF No. 5 ("Pl. Compl.").

The defendants are Starbucks and one of its employees, Dija Fraser. Fraser is a Starbucks Regional Director and was a resident and citizen of the State of New York at the time Brooks filed her complaint. Brooks alleges that service was effected on Fraser on February 21, 2013 by Kenneth Barnes, a licensed process server with Elite Legal Services of NY Inc. Barnes handed the pleadings to Lakicia Brown, an employee of Starbucks and Fraser's co-worker, at Starbucks' 330 Fifth Avenue location. Pl. Reply in Supp. of Brooks, Aff. of Service at 1, Ex. 2, ECF No. 9 ("Aff. of Service"). Brown indicated that Fraser worked at that Starbucks location, but was not there at the moment. *Id.* Brown accepted the papers and advised Barnes that she would make sure Fraser would receive them. *Id.*

The defendants claim that Fraser never received the summons and complaint and that the 330 Fifth Avenue Starbucks store was neither Fraser's actual place of business nor part of the territory for which she had responsibility. Decl. of Theresa Donahue Egler at 2, ECF No. 7 ("Egler Decl."). On April 26, 2013, two months after the complaint was allegedly served on Fraser, she became a permanent resident and citizen of the State of Washington. Pl. Mot. to Remand, Not. of Removal at 13, Ex. A, ECF No. 5 ("Not. of Removal."). On May 3, 2013, the defendants removed the case, alleging in the notice of removal that there is diversity of citizenship. Pl. Mot. to Remand at 51, Ex. C, ECF No. 5 ("Exhibit C"). On May 31, 2013, Brooks filed this motion to remand the case back to the state court on the ground that there is no diversity of citizenship. Pl. Mot. to Remand at 1.

DISCUSSION

    A.    *The Legal Standards*

2

The procedure for removal is established by 28 U.S.C. § 1446(b)(1). A notice of removal must be filed within 30 days of the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Any non-jurisdictional objection not raised within 30 days of the filing of the notice of removal is waived. *See Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 313 (2d Cir. 2005). Federal courts are to construe the removal statute narrowly, resolving any doubts against removability, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments." *Vill. of Baxter Estates v. Rosen*, 12-cv-2851 (MKB), 2012 WL 3779412, at *1 (E.D.N.Y. Aug. 30, 2012); *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 274 (2d Cir. 1994). The party asserting federal jurisdiction bears the burden of proving that jurisdictional and procedural requirements are met. *Vill. of Baxter Estates*, 2012 WL 3779412, at *1; *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

  B.  *Diversity at the Time of Filing*

Brooks moves to remand this case to state court for lack of subject matter jurisdiction on the ground that there was no diversity of citizenship between her and Fraser at the time the complaint was served. The defendants contend that Fraser became a citizen of Washington State before proper service was effected on her, and thus diversity exists.

I conclude that I lack subject matter jurisdiction because there was no diversity at the time the complaint was *filed*. The defendants agree there was no diversity of citizenship at the time Brooks filed her complaint. Pl. Mot. to Remand, Def. Not. of Removal at 13, Ex. A, ECF No. 5 ("Def. Removal"). However, in support of their argument that removal was proper they rely on 18 U.S.C. §1441(b)(2), which states as follows:

  (b) Removal based on diversity of citizenship . . .

3

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The defendants argue that because Fraser was not properly joined and served prior to her moving to Washington, this provision authorized removal of the complaint to federal court. Both parties focus their arguments on whether proper service was effected on Fraser before she moved out of New York. However, because there was no diversity at the time the complaint was filed, there is no need to determine if the service was indeed proper.

It is well-established that "where there is no change of party, jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Conolly v. Taylor*, 27 U.S. 556, 565 (1829); *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (diversity requirements (amount in controversy and citizenship) are determined as of the date that suit is filed); *Lewis v. Lewis*, 358 F.2d 495, 495 (9th Cir. 1966) (there must be diversity of parties in a suit at the time of filing, not at the time the cause of action arose). Thus, when federal jurisdiction is asserted on the basis of diversity of citizenship, that diversity must exist at the time the action was commenced. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004). Diversity cannot be accomplished post-filing when one of the parties relocates. The Supreme Court has adhered to the time-of-filing rule because litigation in response to changes in citizenship would be a waste of time and resources. *Grupo Dataflux,* 541 U.S. at 575, 580.

Section 1441(b)(2) does not affect this analysis. Whereas the defendants here cast that provision as authorizing removal, in fact it limits the power to remove in certain cases that are "otherwise removable." Specifically, removal of a case in which there is complete diversity is not permitted if any of the defendants properly joined and served is a resident of the state where the action is brought. This exception reflects the belief that diversity jurisdiction is unnecessary -- that is there is no

4

reason to fear state court prejudice against the defendants -- if one or more of the properly joined and served defendants is from the forum state. Erwin Chemerinsky, *Federal Jurisdiction* 345 (4th ed. 2003).

The mere fact that § 1441(b)(2) did not *preclude* removal does not, as defendants contend, mean it authorized it. Rather, a necessary condition to removal based on diversity jurisdiction is complete diversity at the time of filing. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939), *aff'd*, *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, No. 02-cv-9809 (GEL), 314 F. Supp. 2d 177, at *180 (S.D.N.Y. April 17, 2003) ("It is well established that an action based on state law cannot be removed to federal court if any non-diverse defendant is joined in the complaint, regardless of whether that defendant has been served."). Fraser was a citizen of New York when Brooks filed her complaint in state court. Therefore, removal was not justified.

In sum, if there is no diversity of citizenship between parties at the time the suit is filed, a federal court lacks subject matter jurisdiction. Fraser's post-filing change in citizenship cannot cure a lack of subject-matter jurisdiction that existed at the time of filing. *See* 28 U.S.C. § 1332; *Grupo Dataflux*, 541 U.S. at 568. Accordingly, remanding the case for lack of subject matter jurisdiction is the only option available here.

### C. Attorney's Fees

Under 28 U.S.C. § 1447(c), an order to remand a case may include an award of costs and attorney's fees incurred as a result of the removal. The defendants' removal was not unreasonable. Counsel reasonably mistook a provision that limits the right to remove for one that authorizes removal. The removal was not made for improper purposes or in bad faith. Therefore, Brooks' motion for costs and fees is denied.

### CONCLUSION

The motion to remand is granted. The Clerk of the Court is respectfully directed to remand the case to the Supreme Court of New York for Kings County.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 26, 2013
       Brooklyn, New York